IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STEVEN JACKSON,                         )
                                        )
           Plaintiff,                   )
                                        )
     v.                                 )        CASE NO.  2:20-CV-46-WKW
                                        )                 [WO]
KOCH FOODS OF ALABAMA,                  )
LLC,                                    )
                                        )
           Defendant.                   )

## ORDER

This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), *et seq.*, and 42 U.S.C. § 1981.  Before the court is Plaintiff's motion for leave to amend his complaint.  (Doc. # 19.)  As grounds for his motion, Plaintiff says that he has "provided additional factual allegations to satisfy the causal connection element of [his] Title VII retaliation claim," that he has removed his § 1981 retaliation claim, and that he has "add[ed] a race discrimination claim" under § 1981.  (Doc. # 19, ¶¶ 6–7.)  Defendant filed a response in opposition.  (Doc. # 22.) For the reasons that follow, Plaintiff will be permitted to amend his complaint; however, the proposed second amended complaint he attaches to his motion is a shotgun pleading, which does not conform to Rule 8(a) of the Federal Rules of Civil

Procedure. Hence, Plaintiff will be required to file a second amended complaint that corrects the deficiencies illustrated in this Order and that complies with Rule 8(a).

Ordinarily, a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2) (alterations added). "Despite the rule that leave to amend should be given freely, the court may deny leave to amend on numerous grounds, including the futility of the amendment." *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012) (per curiam) (citing *Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003)). "Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal." *Id.* To withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Defendant's argument that the amendment would be futile is not persuasive. Plaintiff's proposed second amended complaint suggests that, upon repleading, Plaintiff might be able to allege facts that state plausible claims for Title VII retaliation and for § 1981 race discrimination. While Defendant is correct that the second amended complaint is a shotgun complaint, the court will permit Plaintiff an opportunity to replead, rather than dismiss his lawsuit. *See generally Wagner v.*

2

*First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) ("We . . . remind district courts of their supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates.").

Shotgun complaints come in a variety of forms.  The typical form "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Another is where the complaint is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015).  "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, the proposed second amended complaint contains 157 paragraphs, including a 130-paragraph statement of facts, and two counts that "incorporate[] by reference all allegations contained in each paragraph above as if asserted herein."

(Doc. # 6, ¶¶ 157, 163.)   The proposed second amended complaint is a shotgun pleading for two reasons.

First, Plaintiff incorporates by reference the entire preliminary statement of facts into each count, and Count II then adopts the allegations of Count I.  The result is that Plaintiff's retaliation claim incorporates multiple factual paragraphs that presumably only support the race discrimination claim and vice versa.  Both counts, therefore, are "replete with factual allegations that could not possibly be material to that specific count."  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam).

Second, Count I exemplifies shotgun pleading because it contains only legal conclusions.  Plaintiff alleges that he "engaged in protected activity detailed above" (Doc. # 19-1, at ¶ 158), that Defendant "creat[ed] a hostile work environment" (Doc. # 19-1, at ¶ 159), and that Defendant "subjected Plaintiff to adverse employment actions, unfavorable terms and conditions of employment, and harassment" (Doc. # 19-1, at ¶ 160).  As a result, Defendant and the court are forced to sift through the 130-paragraph statement of facts in search of the factual bases underlying the legal conclusions.   What is the "protected activity" in which Plaintiff contends he engaged?  (Doc. # 19-1, at ¶ 158.)  Who are Defendant's "agents and employees" who retaliated against Plaintiff?  (Doc. # 19-1, at ¶ 159.)  What allegations does Plaintiff contend demonstrate a retaliatory "hostile work environment"?   (Doc.

4

# 191, at ¶ 159.)   Is this conclusory reference to a "hostile work environment" a separate claim morphed into Count I?  Which of Plaintiff's suspensions is the basis for Count I?   (Doc. # 19-1, at ¶¶ 40, 143–44, 159.)   What are the unspecified "adverse employment actions" in paragraph 160 and are they in addition to the alleged actions in paragraph 159?

Count II—a § 1981 race discrimination claim—does not fare much better. Count II does succeed by alleging the adverse employment action, which Plaintiff says is his suspension in August 2018.  (Doc. # 19-1, ¶ 165.)  But paragraph 167 regresses with its averment that Defendant failed to punish "his White/Caucasian coworkers for violating the same alleged policy."   (Doc. # 19-1, ¶ 167.)   A boilerplate statement that an employer treated the plaintiff differently from similarly situated employees of another race "epitomizes speculation and therefore does not amount to a short and plain statement of [the] claim under Rule 8(a)."   *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008), *abrogated on other grounds by Iqbal*, 556 U.S. 662.  While Plaintiff does not have to plead "facts sufficient to make out a classic *McDonnell Douglas* prima facie case," *id.* (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)), he must allege "enough factual matter (taken as true) to suggest" intentional race discrimination.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).[1]

---

[1] The pleadings deficiencies highlighted in this Order are illustrative and not exhaustive.

Based on the foregoing, it is ORDERED that Plaintiff's motion to amend (Doc. # 19) is GRANTED in part and DENIED in part as follows:

(1)    Plaintiff's motion to file the proposed second amended complaint that is attached to the motion (Doc. # 19-1) is DENIED; and

(2)    Plaintiff's motion is GRANTED to the extent that Plaintiff is extended leave to and including **October 19, 2020**, to file a second amended complaint that complies with the requirements of this Order and Rule 8(a).

DONE this 6th day of October, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE